UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATTERSON VEGETABLE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR FOODS, INC., et. al., <br><br> Defendant. | Case No.: 5:12-CV-05286-LHK <br><br> ORDER DENYING *EX PARTE* TEMPORARY RESTRAINING ORDER |

On November 2, 2012, Plaintiff Patterson Vegetable Company, LLC ("Plaitniff") filed an *ex parte* application for a temporary restraining order ("TRO") to enjoin Defendants Superior Foods, Inc., David E. Moore, Monroe Howser, and Lewis M. Lettunich ("Defendants") from dissipating trust assets under the Perishable Agriculture Commodities Act, 7 U.S.C. § 499a et seq. *See* ECF No. 8. Plaintiff also filed a motion for a preliminary injunction and moved to consolidate the trial on the merits with the hearing on the preliminary injunction. *See* ECF Nos. 9 and 10. Having considered the arguments and declarations provided by Plaintiff, the Court finds that issuance of a TRO without notice to Defendants is not justified in this case. Accordingly, the Court DENIES Plaintiff's *ex parte* application for a TRO. The Court also DENIES Plaintiff's request to consolidate the trial on the merits with the hearing on the preliminary injunction. The

1

Case No.: 5:12-CV-05286-LHK
ORDER DENYING *EX PARTE* TEMPORARY RESTRAINING ORDER

Court will hold a hearing on Plaintiff's motion for preliminary injunction on Thursday, December 13, 2012, at 1:30 p.m.

### I. Background

The Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers. 7 U.S.C. § 499e(c)(2); *Royal Foods Co., Inc. v. RJR Holdings, Inc.,* 252 F.3d 1102, 1104–05 (9th Cir. 2001). District courts have jurisdiction over actions brought by trust beneficiaries to enforce payment from a trust, 7 U.S.C. § 499e(c)(5), including actions to enjoin dissipation of trust assets. *Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 157–58 (11th Cir. 1990).

Plaintiff is a PACA licensee that has sold perishable agricultural commodities to Defendant Superior Foods. Declaration of Eric Schwartz in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order Without Notice and Preliminary Injunction, ECF No. 12 ("Schwartz Decl."), ¶¶ 6, 7. Plaintiff claims that "[o]ver the course of seven transactions, [Plaintiff] sold perishable agricultural commodities… to" Defendant Superior Foods. *Id.*, ¶ 7. Plaintiff contends that Defendant Superior Foods has not paid for these commodities. *Id.*, ¶ 14. The outstanding balance for the commodities is $106,692.84. Declaration of Jeff Foreman in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order Without Notice and Preliminary Injunction, ECF No. 13 ("Foreman Decl."), ¶ 9.

Plaintiff contends that Plaintiff's Chief Executive Officer, Eric Schwartz, contacted Defendant Moore, the owner of Defendant Superior Foods, regarding Defendant Superior Food's non-payment of Plaintiff's invoices on or about September 6, 2012. *See* Schwartz Decl., ¶ 23, 24. According to Mr. Schwartz, Defendant Moore stated that Defendant Superior Foods would settle its past due invoices for $50,000.00. *Id.* Mr. Schwartz, rejected this offer. *Id.,* ¶ 25.

Plaintiff believes that Defendant Superior Foods is dissipating assets covered by the trust provisions of PACA. *Id.*, ¶ 29 ("Based upon my experience in the collection of Produce related receivables, I have found that when an entity refuses to pay for Produce and carries on other

1    business activities they inevitably dissipate trust assets."). Plaintiff therefore seeks a temporary

2    restraining order to enjoin Defendants from "using, consuming, or otherwise dissipating trust

3    assets…." TRO at 2. Plaintiff also requests that the Court issue the TRO without notice to

4    Defendants. *See* Memorandum of Points and Authorities in Support of *Ex-Parte* Motion for

5    Temprorary Restraining Order and Preliminary Injunction Order, ECF No. 14 at 6-7. Plaintiff

6    contends that "advising Defendants of the pendency of this Motion will allow Defendants the

7    opportunity to make payments on non-trust debts with trust assets in order to avoid serious

8    liabilities, e.g., criminal liability for failure to pay withholding taxes, or civil liabilities."

9    Certification of Counsel as to Why Notice Is Not Required Pursuant to Rule 65(b) ("Certification

10   re: Notice"), ECF No. 16 at 2. Plaintiff further contends that "[o]nce all trust assets are dissipated,

11   it is all but impossible to recover them." *Id.*

## II.   Legal Standard

Because Plaintiff seeks issuance of a TRO without notice to the Defendants, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for *ex parte* orders set forth in Federal Rule of Civil Procedure 65(b). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F.Supp.2d 1152, 1154 (D.Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F.Supp. 1320, 1323 (N.D.Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, a plaintiff seeking issuance of a TRO without notice to the defendant must satisfy two further requirements: (1) "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the applicant's attorney must certify in writing the reasons why notice should not be required. Fed. R. Civ. Pro. 65(b)(1). The Ninth

3

1    Circuit has cautioned that there are very few circumstances justifying the issuance of an *ex parte*

2    TRO. *Reno Air Racing Assoc., Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006). Such

3    circumstances include "a very narrow band of cases in which *ex parte* orders are proper because

4    notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting

5    *Amer. Can Co. v. Mansukhani,* 742 F.2d 314, 322 (7th Cir. 1984)).

6    **III.    Discussion**

7        Plaintiff argues that the Court should issue this TRO without notice to Defendants, because

8    "advising Defendants of the pendency of this Motion will allow Defendants the opportunity to

9    make payments on non-trust debts with trust assets in order to avoid serious liabilities, e.g.,

10   criminal liability for failure to pay withholding taxes, or civil liabilities." Certification re: Notice at

11   2. Plaintiff further contends that "[o]nce all trust assets are dissipated, it is all but impossible to

12   recover them." *Id.* The Court agrees that dissipation of PACA trust assets constitutes a form of

13   irreparable harm that may justify issuance of an *ex parte* TRO. In enacting the trust provisions of

14   PACA, Congress sought to prevent the harm that occurs when dealers pay secured creditors from

15   the proceeds of perishable agricultural commodities, leaving agricultural suppliers with no means

16   of recovering payment. *See* 7 U.S.C. § 499e(c) (1); *Middle Mountain Land and Produce Inc. v.*

17   *Sound Commodities Inc.,* 307 F.3d 1220, 1223–24 (9th Cir.2002). The legislative history of PACA

18   recognizes that once trust funds are dissipated, it is all but impossible to effect recovery. H.R.Rep.

19   No. 98–543 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 411. Accordingly, courts in this district

20   have granted *ex parte* TROs upon a clear showing that notice will result in further dissipation of

21   trust assets. *Chong's Produce, Inc. v. Meshaal,* No. C 09–4787, 2009 WL 3298175 (N.D.Cal.

22   Oct.9, 2009); *Inn Foods Inc. v. Turner Mead LLC,* No. C 07–00649, 2007 WL 484781 (N.D.Cal.

23   Feb.9, 2007); *but see ASA Farms, Inc. v. Fresh 'N Healthy, Inc.,* No. C08–00122, 2008 WL

24   115009 (N.D.Cal. Jan.10, 2008) (denying request for *ex parte* TRO). In this case, however,

25   Plaintiff has not clearly shown that immediate dissipation of trust assets will occur before

26   Defendants can be heard in opposition, as required by Rule 65(b).

27       Plaintiff argues that no notice should be required because Defendants are currently

28   dissipating trust assets. TRO at 6-7. Plaintiffs argue that this dissipation is evidenced by the

following facts.  First, there is an outstanding balance of $106,692.84.  Second, Plaintiffs have discussed this balance with Defendant Superior Food's Chief Financial Officer, Monroe Howser, and Defendant Superior Food's owner, Defendant Moore.  Defendant Moore has stated that Superior is not willing to pay more than $50,000 to settle the outstanding balance.  Third, Defendant Moore has stated that Plaintiffs will have to sue to recover more than $50,000.  *Id.* at 6.  The Court is certainly concerned that Defendants have a substantial outstanding balance and have apparently refused to pay the entire amount of this balance.  However, these facts do not necessarily support the conclusion that Defendants are dissipating trust assets.  Moreover, they certainly do not show that, if Defendants were provided notice of the TRO and permitted time to respond, Defendants would dissipate the assets before the matter could be heard.

Plaintiffs additionally offer: (1) a statement from Plaintiff's counsel that "advising Defendants of the pendency of this Motion will allow Defendants the opportunity to make payments on non-trust debts with trust assets in order to avoid serious liabilities" (Certification re: Notice at 2), and (2) a statement from Mr. Schwartz that in his 15 years of "experience in the collection of Produce related receivables, [he] ha[s] found that when an entity refuses to pay for Produce and carries on other business activities they inevitably dissipate trust assets" (Schwartz Decl., ¶¶ 3, 29).  Neither statement is supported by any specific facts regarding Defendants, their financial state, or their past behavior that would allow the Court to conclude that, if Defendants were provided notice and permitted time to respond, Defendants would use the trust funds to pay off other debts or otherwise dissipate trust assets so that "the further prosecution of th[is] action" would be "render[ed] fruitless."  *Air Racing Assoc., Inc.,* 452 F.3d at 1131.  Accordingly, the Court DENIES Plaintiff's *ex parte* motion for a temporary restraining order.

Although Plaintiff has not persuaded the Court that notice to Defendant would result in immediate dissipation of trust assets, the Court finds that Plaintiff has nonetheless made a strong enough showing to warrant an expedited hearing on the motion for a preliminary injunction.  The Court will hold a hearing on Plaintiff's motion for preliminary injunction on Thursday, December 13, 2012, at 1:30 p.m.  Plaintiff also moved to consolidate the trial on the merits with hearing on preliminary injunction.  Because Defendants have not been served with the complaint or any other

papers filed by Plaintiff, Defendants could be unfairly prejudiced if trial on the merits were held on such short notice. Accordingly, Plaintiff's motion to consolidate the trial on the merits with the hearing on preliminary injunction is DENIED.

## IV. Conclusion

For the foregoing reasons, the Court HEREBY ORDERS as follows:

(1) Plaintiff's *ex parte* application for a temporary restraining order is DENIED.

(2) Plaintiff's motion to consolidate the trial on the merits with the hearing on preliminary injunction is DENIED.

(3) Plaintiff shall immediately serve Defendants with the summons, complaint, and all other documents filed in this case, including this Order. Plaintiff shall effect service no later than close of business on November 9, 2012.

(4) Defendant shall file an opposition to Plaintiff's motion for preliminary injunction no later than November 23, 2012. Plaintiff may file a reply by November 30, 2012.

(5) The hearing on Plaintiff's motion for preliminary injunction shall be held on Thursday, December 13, 2012, at 1:30 p.m. in Courtroom 8, 4th floor, in the San Jose Courthouse.

**IT IS SO ORDERED.**

Dated: November 6, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge